IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ALLEN RIPLEY, ET AL., §
 §
    Plaintiffs, §
 §
VS. § NO. 4:19-CV-1066-A
 §
STATE FARM LLOYDS, §
 §
    Defendant. §

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by defendant, State Farm Lloyds, to dismiss for failure to state a claim upon which relief may be granted. Doc.[1] 9. Having considered the motion, the response of plaintiffs, Allen Ripley and Melissa Ripley, the reply, the record, and the applicable authorities, the court finds that such motion to dismiss should be granted.

I.

Factual Background

This action arises from a homeowners' insurance policy purchased by plaintiffs from defendant and a disagreement between the parties regarding the assessment of plaintiffs' losses after their home was damaged by a hailstorm. Doc. 7 ¶¶ 8-16. After being dissatisfied with the results of defendant's inspection of the damage, plaintiffs had the home independently

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

appraised, which led to the creation of an appraisal award. Id. ¶¶ 14-16. Defendant declined to pay the full appraisal award on the basis that it included damages not covered by the insurance policy. Id. ¶¶ 16-17. On February 11, 2020, plaintiffs filed their first amended complaint, alleging that defendant (I) breached the contract and failed to make prompt payment of their claim, in violation of Section 542.051 et seq. of the Texas Insurance Code, by refusing to pay the full amount determined by an appraisal panel, Doc. 7 ¶¶ 19-21, and (II) acted in bad faith in violation of Sections 541.060 and 541.061 of the Texas Insurance Code, id. ¶¶ 22-24.

II.

Grounds of the Motion

On February 27, 2020, defendant moved to dismiss plaintiffs' claims for failure to state a claim upon which relief may be granted. Doc. 9.

III.

Applicable Legal Principles

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

2

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires a plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss for failure to state a claim for which relief may be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Succinctly stated, Rule 9(b) requires a party to identify in its pleadings "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b) even though such claims are not technically termed "fraud." Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

IV.

Analysis

Defendant argues that plaintiffs' claims for breach of contract and bad faith should be dismissed because the first amended complaint does not satisfy the pleading requirements of Rules 8(a) and 9(b). The court agrees.

Plaintiffs purport to state a claim for breach of contract. This claim is premised on defendant's failure to pay the full amount of the appraisal award. Doc. 7 ¶ 19. However, an insurer does not have a contractual obligation to pay appraisal awards unless the appraised damage is covered by the policy. Appraisers' authority is limited to assessing the amount of loss, "not to construe the policy or decide whether the insurer should pay." State Farm Lloyds v. Johnson, 290 S.W.3d 886, 890 (Tex. 2009); see also Barbara Techs. Corp. v. State Farm Lloyds,

589 S.W.3d 806, 820, 826 (Tex. 2019) (finding that appraisals do not establish insurer liability). Appraisers lack the authority to dictate issues of coverage, causation, or liability, and consequently, the appraisal cannot determine whether the damages included in the appraisal award constitute storm damage covered by the insurance policy. Id. Further, plaintiffs fail to allege any facts regarding the damages assessed by the appraisal, such as whether all the damage was caused by the storm or how such damage is otherwise covered by the insurance policy. See generally Doc. 7. Because plaintiffs fail to plead a basis for the appraised damage being covered by the policy, and because merely being subject to appraisal does not bring the damage under the policy's coverage, the breach of contract claim fails.

Plaintiffs also purport to state a claim for bad faith. Instead of alleging facts regarding the purported bad faith, plaintiffs state legal conclusions. See Doc. 7 ¶¶ 10-13, 17, 23-24. Such pleading does not satisfy the Rule 8(a) standards.[2] Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); Luna v. Nationwide Prop. & Cas. Ins.

---

[2] Plaintiffs argue that Rule 9(b) does not apply. They are mistaken. Omni USA, Inc. v. Parker-Hannifin Corp., 798 F. Supp.2d 831, 836 (S.D. Tex. 2011); Frith, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). But, even if plaintiffs are correct that Rule 9(b) does not apply, they still have not stated a plausible bad faith claim.

Co., 798 F. Supp. 2d 821, 827 (S.D. Tex. 2011)(threadbare recitals and conclusory statements do not state a viable claim). The complaint never explains how or why the allegedly "material misrepresentations of fact and law" were fraudulent. In fact, plaintiffs have not alleged any misrepresentations regarding the policy at all. Rather, at most, they complain of post-loss statements regarding coverage, which are not misrepresentations under the Insurance Code. Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Consequently, the bad faith claim should be dismissed.

Finally, defendant maintains that plaintiffs have not alleged a plausible claim regarding prompt payment. First, plaintiffs have failed to articulate a breach of contract claim upon which prompt payment would depend. Second, they have not alleged any facts to support a prompt payment claim even had they properly asserted breach of contract. The court agrees. Plaintiffs have simply pleaded that defendant failed "to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage." Doc. 7 ¶ 20. Their conclusory reference to the statute is not enough.

V.

Leave to Amend

On March 19, 2020, plaintiffs filed a motion for leave to file a second amended complaint. Doc. 12. The court finds such motion should be denied for a number of reasons, as defendant notes. Doc. 16. Plaintiffs did not properly consult with defendant before filing the motion. The proposed second amended complaint is not in proper form as it is signed by a law firm and, in addition, bears a simulated signature. Most importantly, plaintiffs have already been given an opportunity to amend with the specific warning that their amended pleading must comply with the requirements of the Federal Rules of Civil Procedure. They chose to file an amended complaint that mirrored their inadequate state court petition. In any event, the filing of their proposed second amended complaint would be futile as it would not resolve the pleading issues discussed above. It simply includes more conclusory allegations and no further facts.

V.

Conclusion

The court ORDERS that the motion to dismiss be, and is hereby, granted, and that plaintiffs' claims and causes of action against defendant be, and are hereby, dismissed.

7

The court further ORDERS that plaintiffs' motion for leave to file a second amended complaint be, and is hereby, denied.

SIGNED April 1, 2020.

JOHN McBRYDE
United States District Judge